Filed 5/19/22  P. v. Zepeda CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059826 |
| v. | (Super. Ct. No. 12CF1289) |
| JOSE FELIX ZEPEDA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Reversed and remanded.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Lynne G. McGinnis and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Felix Zepeda appeals from the trial court's postjudgment order denying his Penal Code section 1170.95 petition.[1]  He argues the court erred by denying his section 1170.95 petition in his absence without issuing an order to show cause and conducting an evidentiary hearing.  The Attorney General asserts the court properly denied the petition because the jury found true a felony-murder special circumstance and Zepeda was therefore ineligible for section 1170.95 relief as a matter of law.  This is not the first time we have had to decide whether a jury's true finding on a felony-murder special circumstance prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) rendered a defendant ineligible for relief under section 1170.95 as a matter of law.[2]  We concluded it did not in *People v. Gonzalez* (2021) 65 Cal.App.5th 420 (*Gonzalez*), review granted August 18, 2021, S269792.  Consistent with our decision in *Gonzalez*, we conclude the trial court erred by denying Zepeda's petition at the prima facie stage because the jury's true finding on the felony-murder special circumstance did not render Zepeda ineligible for relief as a matter of law.  Accordingly, we reverse and remand the postjudgment order for the trial court to issue an order to show cause as required by section 1170.95, subdivision (c).

## FACTS

In 2014, a jury convicted Zepeda of:  first degree murder (§ 187, subd. (a); count 1) and found the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B) [felony murder-kidnap special circumstance]); kidnapping for ransom, reward or extortion and found he intentionally confined the victim in a way that

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     Our Supreme Court is currently considering this legal question in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606, and oral argument is imminent.

created a substantial likelihood of death (§ 209, subd. (a); count 2); and conspiracy to sell methamphetamine (§ 182, subd. (a)(1); count 3) and found the crime involved more than one kilogram of methamphetamine (Health & Saf. Code, § 11370.4, subd. (b)(1)). The court imposed consecutive terms of life without the possibility of parole on the murder and kidnapping convictions and a six-year determinate term on the conspiracy conviction that was enhanced by the quantity allegation. Zepeda appealed, and we affirmed the judgment. (*People v. Zepeda* (Sept. 30, 2016, G050810) [nonpub. opn.].)[3]

In 2019, Zepeda filed a section 1170.95 petition to vacate his murder conviction and be resentenced. In the petition, he alleged he was convicted of murder under the felony murder rule and he could not now be convicted of murder based on the changes to section 189 because he was not the actual killer, did not aid and abet the killer with the intent to kill, and was not a major participant in the kidnapping. After the trial court appointed counsel to represent Zepeda, the court denied the petition on the ground the legislation enacting section 1170.95 was unconstitutional. We reversed the court's order and remanded for further proceedings. (*People v. Zepeda* (Sept. 1, 2020, G057996) [nonpub. opn.].)

Upon remand, the prosecution filed a supplemental response, arguing the jury's finding on the felony-murder-kidnap special circumstance rendered Zepeda ineligible for resentencing as a matter of law. The day after the prosecution filed its supplemental response, the trial court found Zepeda had not made a prima facie showing for relief, and the court denied Zepeda's section 1170.95 petition in a written order. Based on a review of the court records, the trial court concluded Zepeda was "a major participant" and ineligible for relief under section 1170.95 because the jury found him guilty of first degree murder and found true the felony-murder-kidnap special circumstance (§ 190.2, subd. (a)(17)(B)).

---

[3]     The facts underlying Zepeda's convictions can be found in our prior opinion. (*People v. Zepeda, supra*, G050810.)

DISCUSSION

Zepeda makes two arguments as to why the trial court's postjudgment order denying his petition should be reversed and the matter remanded. First, he contends the order should be reversed because the court violated his constitutional and statutory rights by denying his petition in his absence. Second, he argues the court erred by ruling he failed to make a prima facie showing for relief. Because we agree with Zepeda's second argument and reverse for the trial court to issue an order to show cause, we need not address his first argument.

Our Supreme Court has explained the prima facie inquiry under section 1170.95 is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) At this stage, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" [Citations.]" (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972.) "[A]t the prima facie stage of a resentencing petition the trial court should not decide unresolved factual issues that involve credibility determinations or weighing of evidence. Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing. [Citation.]" (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811, fn. omitted.)

Here, at the prima facie stage, the trial court concluded Zepeda was ineligible for section 1170.95 relief as a matter of law based on records that showed he was convicted of first degree felony murder and the jury found true the felony-murder-kidnap special circumstance. The felony-murder special-circumstance allegation required the jury to find Zepeda acted with reckless indifference to human life and was a major participant in the kidnapping that resulted in death (§ 190.2, subd. (a)(17)(B)). As in *Gonzalez*, the felony-murder special-circumstance finding preceded the Supreme Court

4

decisions in *Banks* and *Clark*. (See *Gonzalez, supra*, 65 Cal.App.5th at pp. 425, 429-431, rev. granted.) In *Banks*, the Supreme Court identified the factors courts should consider in determining whether a defendant was a "major participant." (*Banks, supra*, 61 Cal.5th at pp. 803-804.) The *Clark* court outlined considerations relevant to determining whether a defendant had acted with "reckless indifference to human life." (*Clark, supra*, 63 Cal.4th at pp. 617-622.)

In *Gonzalez*, we disagreed petitioner had to challenge the felony-murder-robbery special circumstance in a habeas corpus proceeding before filing a section 1170.95 petition because nothing in section 1170.95 required that. (*Gonzalez, supra*, 65 Cal.App.5th at p. 431, rev. granted.) We likewise reject the Attorney General's same claim here. As to the merits, the *Gonzalez* court stated the following: "Gonzalez's petition is made possible by changes to section 189, not because of the clarifications made in *Banks* and *Clark*. (See § 1170.95, subd. (a)(3) [allowing petition if '[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019'].) Accordingly, Gonzalez properly challenged the underlying murder conviction pursuant to section 1170.95. Furthermore, as discussed below, any evidence supporting the robbery special circumstance finding has never been reviewed under the *Banks* and *Clark* standards. Because the trial court may not engage in factfinding at this early stage, any analysis under *Banks* and *Clark* was improper without first conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d)." (*Ibid*.)

The trial court here did not have the benefit of *Gonzalez* when it ruled. We adopt the *Gonzalez* court's reasoning and conclude the trial court must issue an order to show cause and conduct an evidentiary hearing pursuant to section 1170.95, subdivision (d). We decline the Attorney General's invitation to engage in factfinding on appeal because section 1170.95, subdivision (d)(3), provides that a petitioner may meet his or

5

her burden by offering new or additional evidence.  (*People v. Smith* (2020) 49 Cal.App.5th 85, 96, review granted July 22, 2020, S262835.)

DISPOSITION

The postjudgment order is reversed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.